IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerry Doyle,                                             :

                              Plaintiff                  :        Civil Action 2:07-cv-00210

        v.                                               :        Judge Sargus

Terry Boyd, *et al.*,                                    :        Magistrate Judge Abel

                              Defendants                 :


# Order

Plaintiff Jerry Doyle brings this action under 42 U.S.C. § 1983 alleging that on March 6, 2007 defendants denied him the right to speak on an agenda item at a Columbus School Board meeting. This matter is before the Court on plaintiff Doyle's June 14, 2007 motion for a temporary restraining order (doc. 11).

Facts. Plaintiff seeks an order restraining defendants from prohibiting him from speaking at Board meetings unless or until he exhibits behavior which violates Ohio Revised Code § 2917.12. Doyle maintains that although he was signed up on March 6, 2007 to speak on an agenda item about school bus drivers, he was not permitted to do so. That is the incident that underlies the present complaint. He also asserts that on June 5, 2007 he signed up to speak on agenda item number 7, the Treasurer's report. When he got up to speak, a Board member said that there had been no Treasurer's report. The Board President then told Doyle that he could not speak.

Defendants have provided the June 21, 2007 affidavit of Dr. Terry Boyd, President of the Columbus City School District Board of Education. According to Board Policy No. 9583.3, community members may address the Board during designated "public participation" portions of its meetings. There are two categories of "public participation." First, community members may speak

on agenda items on which the Board will take action, referred to as "action items." Public comment is limited to three minutes per speaker. Boyd Aff., ¶¶ 3-5.

Second, at the first regular Board meeting of the month community members may speak on any topic at a 30 minute meeting held after the regular Board meeting. Each speaker is limited to three minutes. Boyd Aff., ¶ 6. That speaking opportunity is not at issue in this motion. Plaintiff complains solely about defendants refusing to permit him to speak on an agenda item.

During the 2006-2007 school year, plaintiff Doyle addressed the Board on seven Tuesdays during either their regular business meetings, at the meetings following the regular business meetings, or both. Boyd Aff. ¶ 8. Defendants deny that they have ever prevented Doyle to speak in violation of Board Policy No. 9583.3. Specifically, Dr. Boyd states that before the March 6, 2007 Board meeting, Doyle signed up to speak about action item number 9, Public Hearing on Re-employment of Employees. However, the Board did not take action on that topic at the March 6, 2007 meeting. Consequently, Boyd did not permit Doyle to speak on it. Doyle did speak that evening, at the meeting reserved for public participation concerning non-agenda items. Boyd Aff., ¶¶ 9-10.

Doyle signed up to speak at the June 5, 2007 regular meeting of the Board on action item number 7, the Treasurer's report. But the Treasurer did not give a report at the June 5, 2007 meeting, so Boyd did not permit him to speak on it. Doyle did speak at the meeting set aside for non-agenda public participation. Boyd Aff., ¶ 11.

Legal Standard. A court must assess four factors in deciding whether to issue an injunction:

(1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

2

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997)(*en*

banc)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.,* 64 F.3d 1026, 1030 (6th Cir.

1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four

considerations applicable to preliminary injunction decisions are factors to be balanced, not

prerequisites that must be met." *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir.

2001).

Analysis. At this stage of the proceedings, plaintiff has not demonstrated a strong likelihood

of success on the merits. Factually, the parties dispute what happened at the Board meetings. The

Board policy permits a member of the public to speak only on agenda items that will be voted on

during the meeting. Defendants assert that the Board did not vote on agenda item number 9 at the

March 6 meeting and that it did not vote on agenda item number 7 at the June 5 meeting. Plaintiff's

response to Boyd's affidavit does not state that the Board voted on either item, just that it discussed

them.

Since the facts on which he bases his claim are disputed and Doyle was permitted to speak at

Board meetings a number of times during the 2006-2007 school year, he has failed to demonstrate

that he will suffer irreparable harm. Given that the Board has the right to control the use of its time

and that the policy it has adopted protects citizens' right to speak at a public forum, issuing a

temporary restraining order could harm other. Further, the public interest is served by a policy that

permits members of the public to speak on agenda items the Board will vote on but limiting their

speech on other matters to the 30 minute meeting held after the first regular monthly Board meeting.

Accordingly,  plaintiff Doyle's June 14, 2007 motion for a temporary restraining order (doc.
11) is DENIED.

7-10-2007

Edmund A. Sargus, Jr.
United States District Judge