IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY DOYLE,

    Plaintiff,

vs.

Case No. C2-07-210
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

TERRY BOYD, et al.,

    Defendants.

## OPINION AND ORDER

On March 22, 2007, Plaintiff Jerry Doyle ("Plaintiff") filed this case naming as Defendants the Columbus City School District Board of Education and Board President Terry Boyd ("Defendants"). Plaintiff alleges in his Complaint that Defendants violated his First Amendment rights when he was prevented from addressing the Board of Education during a meeting on March 6, 2007. This matter is now before the Court for consideration of Plaintiff's Motion for Judgment on the Pleadings (Doc. #25), which the Court construes as one for summary judgment, and Defendants' Motion for Summary Judgment (Doc. #26). For the reasons that follow, Plaintiff's Motion is **DENIED**, and Defendants' Motion is **GRANTED**.

I.

The factual basis of this matter is straightforward. On March 6, 2007, a meeting of the Columbus City School District Board of Education (the "Board") was held. Plaintiff was in attendance. Prior to the meeting, Plaintiff filled out and submitted a

form entitled "Columbus Public Schools - Board of Education Meetings Public Participation on Action Items Sign-In Form", indicating that he wished to speak at this meeting with respect to agenda item "#9 Public Hearing on Re-employment of Employees" (Doc. #20, Exh. 2).

At the time allotted for public comment, approximately an hour and a half into the meeting, the Board's President, Defendant Terry Boyd, stated that while Plaintiff was scheduled to speak on re-employment of employees, no business concerning the re-employment of employees was before the Board that evening. Plaintiff rose anyway and, approaching the podium, claimed that the Superintendent of the Board had stated on television that morning that the Board would be taking such action at the day's meeting. Defendant Boyd maintained that no business about the re-employment of employees was before the Board and requested that Plaintiff be seated. After a brief argument, Plaintiff resumed his seat.[1]

Plaintiff thereupon brought this action, alleging that Defendants violated his constitutional right to free speech by preventing him from addressing the March 6, 2007 meeting of the Board. He requests that this Court grant an injunction "to prevent the stifling of free speech in the future," that it declare the Board's policy "of banning free speech" to be unconstitutional, and that he receive $10,000 in compensatory and

---

[1] The parties, in their briefs, also discuss a further meeting on June 7, 2007, at which Plaintiff wished to speak upon the report of the Board's Treasurer and was refused. However, Plaintiff avers that "this case is based on the agenda item of March 6, 2007" (Doc. #31 at 2), and protests that Defendants' references to the June 7, 2007 are intended to mislead the court and cloud the issue at hand. Therefore, the Court will not address the meeting of June 7, 2007.

$150,000 in punitive damages (Doc. #3 at 2). The parties both claim that no genuine issue of material fact remains in this case (Docs #26 at 1; #31 at 3). Plaintiff represents to the Court that he possesses evidence to support his contentions, including documents and videorecordings (Doc. #25 at 1-2), and states that he "will present" these (Doc. #31 at 1). However, he has provided to date only one document – apparently a page from the Board's meeting minutes of March 6, 2007, entitled "Administrative Organizational Changes" (Doc. #15, Exh. A). Defendants have submitted two affidavits, one of which is from Defendant Boyd. In addition, Defendants have submitted a videorecording of the meeting in question, which this Court has reviewed in relevant part.

## II.

Pursuant to Federal Rule of Civil Procedure 12(c), when a party files a motion for judgment on the pleadings, and includes matters outside the pleadings, the motion shall be treated as one for summary judgment. In his Motion for Judgment on the Pleadings, Plaintiff refers to several pieces of evidence that fall outside the scope of the pleadings. Plaintiff further apparently agrees that his motion should be treated as a motion for summary judgment (Doc. #31 at 3). Therefore, the Court will treat Plaintiff's motion as one for summary judgment.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine

issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or

implausible inferences to be insufficient to survive summary judgment).

## III.

Comment from the public at meetings of the Board is regulated by Board Policy 9538.3, a copy of which is attached as Exhibit 1 to the affidavit of Defendant Terry Boyd (the "Boyd Affidavit", Doc. #26, Exh. 1). According to this policy,

> Items for board action in the written board agenda may be presented by members of the public at regularly scheduled meetings of the board. The period of public participation on action items is prior to the presentation of the consent agenda. Members of the public who wish to make formal presentations before the board should make arrangements in advance with the superintendent TO [*sic*] determine if such presentations may be scheduled on the agenda.
>
> To speak to an action item, the section number, resolution or recommendation (if applicable) and the subject which the speaker will address must be stated in writing on the speaker slip, which must be submitted at least 15 minutes prior to scheduled start of the board meeting. The speaker should stand during the hearing period and be recognized by the presiding officer. The speaker must identify himself/herself by stating his/her name and school district of residence.

The Board's policy, while perhaps somewhat ambiguous, indicates clearly enough that this procedure is for public participation "on action items."[2] The crux of Defendants' argument is that Plaintiff proposed to speak on something other than an action item, because "Public Hearing on Re-employment of Employees" was not an action item at that evening's board meeting. Defendants maintain, consequently, they were justified in prohibiting Plaintiff from speaking at the meeting.

---

[2] The policy also provides for public comment on non-action items – in other words, on any other subject – at a separate board meeting held for that purpose after the first regularly scheduled board meeting of each month.

A regulation such as the one set forth in Board Policy 9538.3 is a "time, place and manner" restriction upon free speech at public meetings. *See, Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-46 (1983). As the Sixth Circuit Court of Appeals held in a similar case:

> When a school board sits publicly to conduct public business and to hear the views of citizens, it may not discriminate among speakers on the basis of the content of their speech, although it may confine its meetings to specified subject matter. Furthermore, the government may place limitations on the time, place and manner of access to such forums, so long as the restrictions are content neutral and narrowly tailored to serve a significant governmental interest.

*Featherstone v. Columbus City School Dist. Bd. of Educ.*, 92 Fed.Appx. 279, 282 (6th Cir. 2004).

This Court has previously found that the policy of the City of Columbus School District Board of Education to limit speech at regular meetings to commentary upon the action items before the Board is a reasonable time, place, and manner restriction for purposes of the First Amendment. *See Ivy Featherstone v. Terry Boyd, et al.*, S.D. Ohio, No. 06-CV-111 (March 22, 2007); *Ivy Featherstone v. Columbus City School Bd. of Ed.*, S.D. Ohio, No. 01-CV-1220 (July 1, 2003), *aff'd*, 92 Fed.Appx. 279 (6th Cir. 2004). It declines to find otherwise today. The Court therefore concludes that Plaintiff's contentions that Defendants are attempting to "control free speech" and that their policy is "illegal" are without merit.

Plaintiff does, however, raise the question of whether "Public Hearing on Re-employment of Employees" was indeed an action item at the meeting in question. Neither party has filed with this Court a complete copy of the minutes of the March 6,

2007 Board meeting. The Board's president, Defendant Boyd, however, has testified that "the Board was not taking action on [Re-Employment of Employees] at the March 6, 2007 meeting." (Boyd Affidavit at ¶9.) Plaintiff asserts to the contrary that "minutes later the Board's Superintendent spoke at length on the subject that Plaintiff had signed up to speak on" and "introduced the new employee who would be employed in the new position." (Doc. #15 at 1-2.) The "new employee" in question, Stephen A. Simmons III, was apparently transferred from his existing position as Garage Operations Supervisor and assigned to the new position of Acting Director of Transportation. *See* Doc. #25 at 2; Doc. #15 at Exh. A.

No information is before the Court as to whether a transfer from Garage Operations Supervisor to Acting Director of Transportation constitutes a "Re-Employment" as the term is used by the Board. The Boyd Affidavit, however, and the videorecording of the proceedings, make clear that Mr. Simmons' transfer was not an "action item" and that an announcement of this transfer did not constitute a "Public Hearing on Re-employment of Employees."[3]

The Court finds, therefore, that no genuine issue of material fact exists as to this case. The Board's policy of restricting the time, place, and manner of comment at regular meetings to action items, as this Court has found before, is not unreasonable.

---

[3] The Court notes that the video-recorded proceedings demonstrate that some Board members appeared to believe that Plaintiff's disagreement with the Board's chair was the result of poor drafting in the meeting's agenda. One member raised a suggestion that the agenda make explicitly clear in future whether or not certain action items were actually on the agenda, so as to eliminate future disputes such as the one at bar.

Plaintiff was not denied his constitutional right to speak when the Board prohibited him from commenting on the promotion of Mr. Simmons.

## IV.

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings, which the Court construes as one for summary judgment (Doc. # 25) is **DENIED**. Defendants' Motion for Summary Judgment (Doc. #26) is **GRANTED**. In addition, Plaintiff's "Motion for Status" (Doc. #33) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

9-23-2008
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE