IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY DOYLE,

    Plaintiff,

vs.

Case No. C2-07-210
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

TERRY BOYD,
    et al.,

    Defendants.

## ORDER

Plaintiff, Jerry Doyle, initiated this action on March 22, 2007. Plaintiff alleges that Defendants violated his rights under the First Amendment to the United States Constitution when they denied him the right to speak at a March 6, 2007 meeting of the Columbus City School District Board of Education. Defendants filed a Motion for Summary Judgment, which Plaintiff opposed. On September 23, 2008, the Court granted Defendants' Motion and entered judgment in favor of Defendants.

On October 7, 2008, Plaintiff filed a Motion for Reconsideration of the Court's decision granting Defendants' Motion for Summary Judgment. Plaintiff's Motion for Reconsideration is, in effect, a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). A motion to alter or amend judgment must be filed "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The ten (10) days limitation under Rule 59 must be read in conjunction with Federal Rule of Civil Procedure 6(a), which provides that the computation for the ten-day period excludes intermediate Saturdays, Sundays, and legal holidays. "Stated another way,

the ten-day period prescribed by the Federal Rules always lasts at least fourteen days." *Miltimore Sales, Inc. v. Internat'l Rectifier, Inc.*, 412 F.3d 685, 690 (6th Cir.2005).[1]

A Rule 59(e) motion may be granted (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) otherwise to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

In his Motion for Reconsideration, Plaintiff references a videotape of the March 6, 2007 Board of Education meeting and the minutes of the March 6, 2007 Board of Education meeting. The Court has already considered these items in rendering its decision to grant Defendants' Motion for Summary Judgment. Plaintiff also mentions a videotape of the Superintendent speaking during a television news broadcast and the introduction of Steve Simmons at the Board of Education meeting. These matters, however, do not bear on the relevant question of whether Defendants violated Plaintiff's constitutional rights when they prohibited him from speaking during the March 6, 2007 Board of Education meeting.

Plaintiff has provided no basis for this Court to reconsider its decision or to vacate its judgment in favor of the Defendants. Plaintiff offers no additional reasons, beyond those he already put forward in his previous filings, to support his request to amend the Court's judgment. Plaintiff's Motion for Reconsideration does not seek correct a clear error of law; put forward newly discovered evidence; or suggest an intervening change in the controlling law. Moreover, the Court finds no

---

[1] In their memorandum in opposition, Defendants contend that the Court must apply the more rigorous standard of Federal Rule of Civil Procedure 60 because, according to Defendants, Plaintiff did not file the Motion for Reconsideration within ten (10) days. Applying Rule 6(a), Plaintiff's submission is timely under Rule 59.

grounds from which to determine that a decision to alter or amend the judgment would prevent manifest injustice.

Plaintiff's Motion for Reconsideration (Doc. # 36) is accordingly **DENIED**.

**IT IS SO ORDERED.**

10-31-2008
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**